IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| MARKUS ANDREW BROWN, ) | CASE NO. CR413-110 |
| ) | |
| Defendant. ) | |
| ) | |

## O R D E R

After a careful review of the record,[1] the Court concurs with the Magistrate Judge's December 20, 2023, Report and Recommendation, (doc. 63), to which no objections have been filed, (doc. 64). Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. The Court finds by a preponderance of the evidence that Defendant Markus Andrew Brown is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(d). Accordingly, Defendant Markus Andrew Brown is

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (outlining the standard of review for report and recommendations)).

committed to the custody of the Attorney General for treatment in accordance with 18 U.S.C. § 4241(d).

The Court **DIRECTS** that the Defendant be placed immediately in a suitable facility for treatment for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. 18 U.S.C. § 4241(d)(1). The Court further **DIRECTS** the director of the facility in which Defendant is hospitalized to notify this Court when Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense by filing a certificate with the Clerk of this Court. 18 U.S.C. § 4241(e). If, at the end of the period, Defendant has not recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the Court **DIRECTS** the director of the facility in which Defendant is hospitalized to notify the Court, so that it may begin the proceedings required by 18 U.S.C. § 4246. See 18 U.S.C. § 4241(d) ("If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward the defendant is subject to the provisions of sections 4246 and 4248."). The period of delay resulting from the fact that the Defendant is

mentally incompetent shall be excluded in computing the time within which the trial of this case must commence. 18 U.S.C. § 3161(h)(4).

**SO ORDERED** this 8th day of January, 2024.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA